# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **AMILCAR GABRIEL,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | No. 02-CV-187-WDS |
| ) | |
| **JIM HAMLIN; BOB DOERR;** ) | |
| **BRIAN RUIZ, M.D.; BARBARA** ) | |
| **COOKSEY; ALLEN WISLEY;** ) | |
| **and WEXFORD HEALTH** ) | |
| **SOURCES, INC.,** ) | |
| ) | |
|     **Defendants.** ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion to continue the trial, or, in the alternative, for voluntary dismissal without prejudice. (Doc. #81). The defendants have filed objections to the plaintiff's motion, contesting both the request for a continuance and for dismissal without prejudice.

Plaintiff's counsel seeks a continuance on the grounds that plaintiff had anticipated trial days of Tuesday through Wednesday[1] in July of 2005. Plaintiff's counsel asserts that she had contacted her expert, Dr. Lewan, and arranged for his testimony at the July trial setting, but in June 2005 the Court moved the trial to August 23, 2005. She states that she again arranged for Dr. Lewan to testify during the new August trial date. On August 3, 2005, on the motion of defendants Hamlin, Doerr and Wisley, the Court continued the trial until September 20, 2005. (See Order at Doc. # 69).

---

[1] Clearly this is a typographical error as this Judge normally holds trials during the week from Tuesday through Thursday.

Counsel states that her only live witness is Dr. Lewan[2] and that he advised her that he was unavailable to testify on September 22, 200. She further states that she then asked Dr. Lewan to testify on September 27, 2005. In the meantime, due to a conflict in the Court's schedule, the trial date was moved up to September 19, 2005 and the Court will not hold trial the week of September 26, 2005. In the motion, counsel for the plaintiff states that after she was advised by the Court of this change in schedule she contacted Dr. Lewan but was unable to schedule a deposition and he was not available to testify the week of September 19, 2005. Plaintiff asserts that Dr. Lewan's testimony is critical to the presentation of the medical evidence in the case, and that plaintiff cannot proceed to trial without his testimony.

To properly address the motion to continue, a review of the procedural history is necessary. Plaintiff filed this action pro se in March of 2002, seeking to recover for injuries he allegedly suffered when he was burned while performing his duties as an inmate kitchen worker at Big Muddy River Correctional Center. An amended complaint was filed by counsel, Barbara J. Clinite, in September of 2002 seeking recovery against defendants Hamlin, Doerr, Ruiz, Cooksey, Wisely and Wexford Health Sources, Inc.

The Amended Complaint is framed in 3 counts. Count I seeks recovery against Hamlin, Doerr and Cooksey for knowingly exposing the plaintiff to dangerous work conditions. Count II seeks recovery against Wisely, Ruiz and Wexford Health Sources for denial of prompt medical care to plaintiff for his injuries and pain. Count III, mislabeled in the Amended Complaint as a second Count II, sought recovery against defendants Hamlin, Doerr and Cooksey for common law negligence. The Court dismissed Count III without prejudice for lack of subject matter jurisdiction

---

[2]The plaintiff's testimony will be presented by video deposition.

in May of 2003 (See Doc. #31).  Plaintiff filed a motion to voluntarily dismissed Cooksey in December of 2003, which the Court granted (See. Doc. # 38).  In March 2004 plaintiff filed a motion to continue the final pre-trial conference to allow counsel to complete discovery.  The Final Pre-Trial Conference was continued until August 12, 2004 by order of Magistrate Judge Frazier (Doc. # 44).

On August 2, 2004, Defendants Ruiz and Wexford Health Sources filed a motion to bar the testimony of plaintiff's expert, Dr. Lewan, for failure to comply with Fed. R. Civ. P. 26.  This motion was submitted to Magistrate Judge Frazier who granted the motion at the Final Pre-Trial Conference.  (See Doc. #48).  Plaintiff did not seek de novo review, nor has Magistrate Judge Frazier vacated or reconsidered that ruling.  On August 26, 2004, the plaintiff filed a motion to re-open discovery (Doc. #52).  In that motion, plaintiff sought to extend the discovery cut-off to allow her to take the deposition and provide the Rule 26 report of Dr. Alfred Garcia, whom she identified as her expert.   The Court granted the motion giving her until September 30, 2004 to take his deposition and until November 19, 2004 to provide his expert report.

The plaintiff has had more than three years to prepare for the trial of this case, including the taking of expert depositions.  The Court understands that there have been several changes in the trial schedule, but that is, in part, why depositions are routinely taken before trial, i.e. to preserve the testimony of  witnesses critical to the case.  The Court is not unmindful of the concerns of a sole practitioner, and might be more sympathetic to plaintiff's counsel's motion if it were not for the fact that the reason she seeks a continuance or dismissal without prejudice is due to the unavailability of Dr. Lewan, a witness whose testimony has been barred by this Court.

In light of this, the Court **DENIES** plaintiff's motion to continue.  The Court **GRANTS**

3

plaintiff's motion for dismissal in part and **DENIES** the motion in part.  The motion to dismiss is **GRANTED**, but the dismissal is with prejudice pursuant to Fed. R. Civ. P. 41(b) for want of prosecution.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: September 16, 2005

S/WILLIAM D. STIEHL<br>District Judge