IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| AMICAR GABRIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 02-CV-187-WDS |
| | ) | |
| JIM HAMLIN, BOB DOERR, ALLEN | ) | |
| WISELY, MICHAEL HOLMES, | ) | |
| DONALD SNYDER, BRIAN RUIZ, | ) | |
| BARBARA COOKSEY, NANCY S. | ) | |
| TUKER, AND WEXFORD HEALTH | ) | |
| SOURCES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion for reconsideration and for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (Doc. 87) to which the defendants have filed objections (Docs. 89, 90). The Court dismissed this action for want of prosecution for plaintiff's counsel's failure to properly prepare for trial, including the taking of expert depositions.

A motion for reconsideration "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). The motion for reconsideration is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment. See, *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999); see, also *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 1996 WL 308243, at *1 (N.D. Ill. June 5, 1996).

Relief from judgment is available in a limited fashion under the Federal Rules. There

are two ways in which a party may seek reconsideration of the merits of an order of the Court, specifically under Rule 59(e) or Rule 60(b). *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir.1992). Under Rule 59(e), a litigant may move the Court to alter or amend a judgment, based on newly discovered evidence, an intervening change in the controlling law or manifest error of law or fact. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995); Fed. R. Civ. P. 59(e). Relief under Rule 59(e) must be invoked within ten days of the entry of the judgment, which occurred in this case. *Id.*

Without repeating the Court's prior ruling, the plaintiff had sought continuance of the trial on the grounds that her expert, Dr. Lewan was unavailable to testify at trial, and was plaintiff's only live witness. Plaintiff's counsel was unable, days before trial, to schedule his deposition for use at trial. The Court dismissed the action with prejudice on the grounds that Magistrate Judge Frazier had granted the motion of defendants Wexford Health Sources, Inc. and Dr. Brian Ruiz to bar plaintiff's expert, (See. Doc. 48, Minutes of Final Pre-Trial Conference), and the unavailability of Dr. Lewan was the basis for plaintiff's motion to continue the trial.

Plaintiff seeks reconsideration of that order on the ground that the Court was mistaken in its finding that the testimony of Dr. Lewan had been barred by Magistrate Judge Frazier. The Court notes that Magistrate Frazier's ruling speaks for itself, however, even if Dr. Lewan's testimony had not been barred by Magistrate Judge Frazier, plaintiff's counsel's failure to secure his testimony by deposition, for use at trial or otherwise, was sufficient grounds for this Court to deny the motion to continue the trial and dismiss the action. As the Court noted, plaintiff had more than three years to prepare for trial. It is not unusual that trial dates change depending on the Court's trial calendar. The preservation of testimony by way of deposition is a common trial

practice, and not unreasonable for this case or for any case. This is particularly true when a case hinges on the testimony of one witness, as plaintiff's counsel claims is the situation with the testimony of Dr. Lewan.

Upon review of the record, the Court **FINDS** that it was proper to deny plaintiff's motion to continue the trial due to the unavailability of a key witness who had simply not been disposed. Plaintiff's counsel's reasons given for needing a continuance of the trial were simply not sufficient, nor did they indicate that plaintiff was prepared for trial, including securing the testimony of their only expert witness. Accordingly, the Court **DENIES** plaintiff's motion for reconsideration and for relief from judgment.

**IT IS SO ORDERED.**

**DATED: September 5, 2006.**

                              **s/ WILLIAM D. STIEHL**
                              **DISTRICT JUDGE**