IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| AMILCAR GABRIEL, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 02-CV-187-WDS |
|  | ) |  |
| JIM HAMLIN, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendants' objection to the deposition testimony of the plaintiff, Amilcar Gabriel (Doc. 115), to which plaintiff has filed a response (Doc. 117). Also before the Court is plaintiff's response to the objections to the deposition testimony of plaintiff's expert, Dr. Richard Lewan (Doc. 126), to which the defendants have filed a reply (Doc. 127). Finally, plaintiff has filed a motion to bar the testimony of defendants' opinion witness (Doc. 125), to which defendants have filed a response (Doc 127). The Court has reviewed the depositions and motions and rules on the objections as set forth below.

### A. Deposition of Plaintiff, Amilcar Gabriel

Initially, the plaintiff objects to the defendants' objections on the grounds that they were not raised at the time of the deposition. In general, objections not preserved during a deposition are deemed waived. *Oberlin v. The Marlin Am. Corp.*, 596 F.2d 1322 (7th Cir. 1979) (if a party does not voice an objection to the form of a question during a deposition, the party waives its ability to raise the objection at trial, *id.* at 1328.). "Then, as now, the rule makes sense-if a party could strategically withhold an objection during a deposition and later exclude testimony that could have been elicited if the objection were raised promptly, depositions as trial evidence

would quickly lose their value." *Id. cited in Roy v. Austin Co.*, 199 F.3d. 840, 844 (7th Cir. 1999). Given this standard, the Court could overrule all objections not preserved at the deposition, simply as waived. The Court will, however, make a brief review of the testimony to which the defendants raise an objection, given the fact that the plaintiff is not available to testify at trial because he has been deported.

    1.    P. 37, ll. 8-10. Defendants' object to this testimony on the grounds that it is hearsay. Plaintiff states that the nurse told him to "put your legs inside." Plaintiff asserts that this testimony is not offered for the truth of the matter asserted, but rather for the instructions plaintiff was given and how he had to comply. Upon review of the record, the objection is **OVERRULED**. Plaintiff may testify as to what instructions he was given after his injury with respect to his treatment.

    2.    P. 37 ll. 17-21. Defendants raise the same objection, that is, that plaintiff made references to a conversation he had with a nurse. The same ruling applies, the objection is **OVERRULED**, and the plaintiff can testify as to the medical treatment he received, including his recollection of the instructions he was given during his medical care.

    3.    P. 38, l-3. The defendants object on the grounds that the question posed by the plaintiff's attorney was leading when she offered the term "scrub" to plaintiff. Although the question is leading, the Court **OVERRULES** the defendants' objection. The plaintiff's command of the English language is limited, therefore, minimal leading by counsel will be allowed

in this case.

4. P. 38, ll. 19-25, p.39, ll.1-3 & 12-14. The defendants object to this testimony and seek to strike it on the grounds that they are hearsay. In this testimony plaintiff is testifying as to what a nurse told him about why the doctors were denying him pain medication. The Court **GRANTS** defendants' motion to strike the remainder of the testimony relating to the plaintiff's conversation with the nurse as to what the doctors said with respect to his treatment. This testimony shall be stricken.

5. P. 41, ll. 17-19. In this section, plaintiff is testifying as to what he observed Dr. Ruiz doing (looking away) while the nurse was explaining his medical progress. The Court **OVERRULES** the objection, the plaintiff may testify as to his observations.

6. P. 43, ll. 24-25 - p. 44. In this section, plaintiff states that he "heard from the lieutenants" that Dr. Ruiz was not going to send plaintiff to an outside hospital. This testimony is clearly hearsay upon hearsay and the Court **GRANTS** the objection, and this portion of plaintiff's testimony shall be stricken.

7. P. 57, ll 19-21. The defendants object to plaintiff's testimony with respect to what Dr. Garcia told him to do (go lay down for a long time). The Court **OVERRULES** this objection. Plaintiff's testimony goes to his understanding of the medical treatment he received and is admissible on that ground.

8. P. 84, ll. 11-25. In this section of the deposition, plaintiff, during cross-examination, was asked by defense counsel what plaintiff told his attorney (that a nurse told plaintiff that if he did not cry Dr. Ruiz would not give him stronger pain medicine). In light of the fact that the Court struck the earlier statements of plaintiff on this issue, the Court **SUSTAINS** the objection and this portion of the testimony shall be stricken.

9. P. 91, ll. 11-13. This testimony concerns whether plaintiff was told that his hernia was a result of his burn. No specific speaker is identified. Upon review of the record, the Court **OVERRULES** the objection. This testimony is admissible as to plaintiff's medical treatment and his understanding of that treatment.

10. Defendants make general objections to testimony. Upon review of the record, the Court rules as follows:

   a. References to general conversations with nurses. The Court will allow this testimony, with the exception of the testimony concerning why he was not given pain medications as indicated herein.

   b. Conversation with Dr. Garcia. The Court has determined that this testimony is properly admitted as it concerns plaintiff's understanding of his medical treatment.

   c. References to exhibits. Apparently these exhibits were not attached to the deposition. The Court **DIRECTS** the parties to

have those exhibits available for trial. If a party seeks to have the exhibit mentioned admitted at trial, the Court will take up that motion at the appropriate time during the trial.

    d.    The defendants bring up general objections to exhibits identified in the Pre-Trial Order that are grievance documents. The Court will consider the admissibility of these documents at the time they are offered, if, indeed, they are offered at trial. If the defendants seek a limiting instruction on this evidence, they should tender a proposed instruction to the Court for its consideration before trial.

**B.** **Deposition Testimony of Richard B. Lewan, M.D. plaintiff's expert**

Upon review of the record, the Court rules on the defendants' objections made during that deposition as follows:

1. P. 12, ll. 23. The objection is that the answer was not responsive to the question (to describe the differences between first, second and third degree burns). The Court **SUSTAINS** the objection. The testimony from p. 12 l. 7 thru p. 13, l. 5 shall be stricken.

2. P. 16, l. 8. The objection is to the question of whether the burns sustained by the plaintiff qualified as a "serious medical condition." The objection is that it called for a legal conclusion. The defendants also objected on the grounds of the form of the question, p. 16, l. 15 & p. 17, ll. 1, 6. The Court **OVERRULES** these objections. The witness' testimony goes to his medical experience and expertise in the treatment of various types of

burns, and what the customary treatment would be for an injury such as plaintiff's.

3. P. 18, l. 18. On the question of the customary procedure used for debridement, the objection was to relevance and the form of the question. Upon review of the record, the Court **OVERRULES** defendants' objections. The witness may testify as to standard treatment methods for burns.

4. P. 20, ll. 19, 22. The question was to the types of pain medications that could be used for treatment in cases like the plaintiff's. The plaintiff has raised the issue of the defendants' failure to give him adequate pain medication, therefore, the testimony is relevant, and is based upon the witness' knowledge and experience. The objection is **OVERRULED**.

5. P. 21, l. 17. The question was directed to the accuracy of a note in plaintiff's chart that the plaintiff had "no pain." Objection was to foundation. The Court **OVERRULES** the objection, the witness has established a familiarity with plaintiff's case, including his records.

6. P. 22, l. 3. Objection to relevance is **OVERRULED**.

7. P. 23, l. 23. Objection is to the fact that the witness testified to matters not disclosed in discovery. The objection is **OVERRULED**. The expert's position that the plaintiff's wounds were not adequately treated was part of the plaintiff's witness disclosure and this testimony goes to that opinion.

8. P. 24, l. 11. Objection is to relevance of the question posed to Dr. Lewan about the use of peroxide on burn wounds. This objection is, similarly, **OVERRULED**.

9. P. 27, l. 14. The question posed was whether the expert believed that the plaintiff appeared to get pain relief by the use of certain pain medicine. The treatment of plaintiff's pain is part of plaintiff's claim of inadequate treatment, therefore the witness may testify as to whether that included pain relief from his treatment, and the objection is **OVERRULED**.

10. P. 28, l. 16. The objection is that the answer to the question "what is your opinion" (as to whether the medications given were adequate to treat pain) was not relevant. The Court **OVERRULES** the objection. This is the witness' opinion, and he may testify as to whether plaintiff's pain was, in part, the result of the treatment he received.

11. P. 28, l. 22. The objection raised is to the time frame of the question concerning the course of plaintiff's infection. The Court **OVERRULES** the objection.

12. P. 31, l. 13; p. 32, l. 15; p. 33, l. 7; p. 33, ll. 15, 19; p. 34, ll. 7, 12, 17. The Court **OVERRULES** the objections raised in these sections of the deposition. The objections are all to form of the question and relevance. The questions all deal with plaintiff's pain levels and the treatment he was receiving, and are therefore admissible and relevant.

13. P. 35, l. 20. The question was directed to whether plaintiff's pain was due

to a lack of adequate treatment. The witness is qualified to testify as to pain management after a burn, and could properly address that issue, as raised by plaintiff's question. The objection is **OVERRULED**.

14. P. 36, ll. 20, 23. Dr. Lewan was asked if, based on his experience and review of the plaintiff's file, he had an opinion as to whether plaintiff's pain was a result of inadequate pain medication. The objection, to the form of the question and relevance, is **OVERRULED**, as previously discussed, the witness is qualified to testify as to this issue.

15. P. 37, ll. 16. The question asked of the witness was if he believed, based on medical certainty and his review of the record, plaintiff was harmed by the treatment of Dr. Ruiz. The objection, based on form of the question and relevance, is **OVERRULED**.

16. P. 38, l. 17. The plaintiff asked Dr. Lewan if Dr. Ruiz was knowingly indifferent to plaintiff's medical needs. The defendants objected to the form of the question and that it calls for a legal conclusion. The Court **SUSTAINS** the objection. The plaintiff may argue that the evidence amounts to this conclusion. The Court **ORDERS** that p. 38, ll. 14-25 be **STRICKEN**.

17. P. 60, l. 2. The question was directed to the standard of care, and the defendant objected on the grounds that the answer was non-responsive. The Court **SUSTAINS** the objection and directs that the record shall be stricken from p. 58, l. 19 through p. 60, l.3. The Court will also order

**STRICKEN** the objection of the plaintiff (p. 60, ll. 12-14).

C. **Plaintiff's motion to bar defendants' opinion witnesses (Doc. 125)**

Defendants indicate in their response (Doc. 127) that they do not intend to tender a Rule 26 expert, other than Dr. Ruiz, a defendant in the case. Therefore, the Court **DENIES** as moot, plaintiff's motion to bar.

**IT IS SO ORDERED.**

**DATED: October 8, 2008**

                                                      **s/ WILLIAM D. STIEHL**
                                                                   **District Judge**