# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMILCAR GABRIEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 02-CV-187-WDS ) |
| JIM HAMLIN, BOB DOERR, ALLEN WISELY, and BRIAN RUIZ, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are several post-trial motions. Defendant Brian Ruiz has filed a motion for judgment as a matter of law or for a new trial (Doc. 152, to which plaintiff has filed a response (Doc. 166). Plaintiff has also filed a motion for new trial on damages directed to defendant Ruiz (Doc. 171), and a motion for relief from judgment and renewed motion for judgment as a matter of law or for a new trial as to defendants Hamlin and Doerr (Doc. 174), to which the defendants have filed separate responses (Docs. 176, 177). Several of the issues raised in the motions overlap, but for purposes of clarity, the Court will address each motion in turn.

## BACKGROUND

As a review, the plaintiff, Amilcar Gabriel, a former inmate at Big Muddy Correctional Center, filed a two count action against the defendants, Jim Hamlin, Bob Doerr, Allen Wisely, Brian Ruiz, and Wexford Health Services, claiming that on December 4, 2000, while an inmate, he was working in the kitchen cleaning an exhaust hood over large steam kettles, and that he fell and one of his legs went into a kettle, resulting in serious burns.

Count I alleged that the defendants, Jim Hamlin, and Bob Doerr, were deliberately

indifferent to plaintiff's safety when they exposed plaintiff to dangerous work conditions in violation of his constitutional right to be free from cruel and unusual punishment under the Eighth Amendment. The jury returned a verdict in favor of defendants and against plaintiff on Count I.

Count II alleged that the defendants, Allen Wisely, Brian Ruiz, and Wexford Health Services, were deliberately indifferent to plaintiff's serious need in violation of his rights under the Eighth Amendment to be free from cruel and unusual punishment. Plaintiff alleged that after he was burned these defendants denied him proper care for his injuries and pain. The Court, at the close of plaintiff's case, granted defendants Wisely and Wexford Health Services' motions for judgment as a matter of law and they were dismissed from the case. The jury returned a verdict in favor of plaintiff and against defendant Ruiz on Count II and awarded plaintiff's actual or compensatory damages in the amount of $50,000. Defendant Ruiz seeks relief from judgment pursuant to Fed. R. Civ. P. 50(e) whereas plaintiff seeks relief from judgment pursuant to Rule 60(b).

### A.     REVIEW STANDARDS

The Federal Rules of Civil Procedure provide two ways in which a party may seek reconsideration of the merits of an order of the Court, namely, Rule 59(e) or Rule 60(b). *See, United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992); *Hicks v. Midwest Transit, Inc.,* 531 F.2d 467, 473-74 (th Cir. 2008)..

#### 1.     Rule 59(e)

Under Rule 59(e), a litigant may move the Court to alter or amend a judgment, based on newly discovered evidence, an intervening change in the controlling law, or manifest error of law

or fact. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995); Fed. R. Civ. P. 59(e). Rule 59(e) must be invoked within ten days of the entry of the judgment, which defendant Ruiz has done in this case. *Id.*

### 2. Rule 60(b)

Plaintiff, on the other hand, asserts that he is seeking relief under Rule 60(b), which is similar to Rule 59(e) in that it enables a party to seek relief from a court's order. Under Rule 60(b) a court may grant relief only under the particular circumstances enumerated in the Rule, including: 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. "Rule 60(b) is ... an extraordinary remedy," which does not allow for "general pleas of relief." *Deutsch*, 981 F.2d at 301 (internal citation omitted). Nor is Rule 60(b) the "proper avenue to redress mistakes of law committed by the trial judge." *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989). Legal error is not one of the specified grounds for a Rule 60(b) motion; in fact, it is "a forbidden ground." *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002).

### B. RUIZ'S MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant Ruiz has filed a motion for judgment as a matter of law on Count II or for a new trial (Doc. 152), to which plaintiff has filed a response (Doc. 166). The defendant asserts several grounds for relief. Initially, the defendant asserts that the plaintiff presented insufficient evidence to establish that the defendant was indifferent to plaintiff's serious medical needs; second that the instruction the Court gave the jury (Plaintiff's Instruction 26A) was erroneous as

3

a matter of law because it suggested a negligence standard, rather than a deliberate indifference standard; and third, that the Court erred when it overruled defendant's objection to the testimony of plaintiff's expert, Dr. Lewan, as to the standard of care as that amounted to reasonableness, not deliberate indifference. The defendant seeks either judgment as a matter of law or a new trial.

### 1. Deliberate Indifference

To succeed on an Eighth Amendment claim, plaintiff is required to establish that prison officials were deliberately indifferent to his serious medical need. *Gil v. Reed,* 535 F .3d 551, 556 (7th Cir. 2008). At the trial of this matter, there was no dispute that plaintiff sustained burns on December 3, 2000, as a result of the kitchen incident. Plaintiff presented evidence that the defendant, Dr. Ruiz, who was the treating physician of plaintiff, first refused to send plaintiff to a hospital outside the prison system. Dr. Ruiz only ordered over the counter Motrin for plaintiff's pain. By December 18, 2000, plaintiff's burns had not healed well and he had complications, including infection. Plaintiff's request for stronger medication was denied by Dr. Ruiz. Plaintiff was in the health care infirmary for some 58 days during which time he was given only Tylenol and Motrin. The medical records, supported by the testimony at trial of the nurses Nancy Puckett and Michelle Carraway, revealed that plaintiff's pain during the debridement and daily scrubbing of his wounds was not relieved by the pain medication authorized by Dr. Ruiz, and that the pain was duly noted on the plaintiff's medical records, which were available to Dr. Ruiz.

It is well settled that dissatisfaction with a doctor's chosen course of treatment, even when that course would be considered negligent, is not sufficient to establish deliberate indifference. *See Estelle v. Gamble,* 429 U.S. 97, 107 (1976); *Johnson v. Doughty,* 433 F.3d

1001, 1012-13 (7th Cir. 2006). Plaintiff presented evidence, however, that the chosen course of treatment was outside the accepted professional standards with respect to treatment for pain from a severe burn, which, in turn raised an inference of deliberate indifference. *See Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006); *Estate of Cole v. Fromm,* 94 F.3d 254, 261-62 (7th Cir. 1996). In particular, plaintiff established, through the testimony of his expert, Dr. Lewan, that Dr. Ruiz first failed to send plaintiff to an outside hospital for treatment of his burns. Plaintiff further established that although Dr. Ruiz provided plaintiff with some pain medication, his efforts to address plaintiff's pain were unreasonable and the medication provided was not effective.

### 2. Jury Instructions

Defendant asserts that the Court's giving of plaintiff's jury instruction 26A was in error because it suggested to the jury a negligence standard. That instruction provided:

> When I use the term "deliberately indifferent" as to Count II against Brian Ruiz, M.D., I mean that the defendant actually knew of a serious medical need by plaintiff and consciously disregarded it by failing to take reasonable measures to provide necessary medical care.

The Court also gave Defendant Ruiz's Instruction No. 1 which provided:

> With respect to the claims of deliberate indifference in both Counts I and II, plaintiff must establish that the defendant was both aware of the facts from which an inference could be drawn that a substantial risk of serious harm existed and he must have drawn that inference.

Defendant contends that these instructions allowed the jury to find mere negligence by Dr. Ruiz. The Court, however, also gave the following instruction, Defendant Ruiz's No. 4, which provided, "A physician's exercise of his professional judgment does not constitute deliberate

5

indifference," and Defendant Ruiz's No. 5, "An inmate's disagreement or dissatisfaction with the method of treatment does not constitute deliberate indifference."

### 3. Plaintiff's Expert

The plaintiff's expert, Dr. Lewan, testified that based on the medical records, Dr. Ruiz should have known of the level of plaintiff's pain, and based on that level of pain, known that the that the pain medications provided were inadequate. Defendant asserts that the admission of the testimony of Dr. Lewan was error because his testimony suggested a standard of reasonableness more akin to medical malpractice, not deliberate indifference. The Court remains persuaded, after reviewing the record, that the admission of the testimony of Dr. Lewan was not improper in this case. The Court notes that the jury was properly instructed on the deliberate indifference standard, and that the argument that Dr. Lewan's testimony did not rise to the level of establishing deliberate indifference was just that, a matter for argument.

The Court, therefore, **FINDS** that there was sufficient evidence to support a finding of deliberate indifference, and that the jury's verdict was not contrary to the evidence. The Court **FURTHER FINDS** that the defendant is not entitled to judgment as a matter of law and the motion for entry of judgment as a matter of law or for a new trial (Doc. 152) is **DENIED** on all grounds raised.

### C. PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT AND FOR A NEW TRIAL ON THE ISSUE OF DAMAGES.

Plaintiff has filed both a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and for a new trial on the issue of damages directed to defendant Dr. Ruiz (Doc. 171), to which the defendant Ruiz has filed a response (Doc. 176), and a separate motion for relief from judgment and for new trial directed to defendants Hamlin and Doerr, (Doc. 174), to which

Hamlin and Doerr have filed a response (Doc. 177).

In his motions, plaintiff asserts that he is entitled to relief pursuant to Rule 60(b) because counsel missed the filing deadline due to the serious illness and eventual death of her mother, and therefore, the Court should consider plaintiff's motion to be timely as if it had been filed pursuant to Rule 59.

The Seventh Circuit has recognized that the Supreme Court's decision in *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380 (1993), expanded the definition of "excusable neglect"" under Rule 60(b)(1), *see Robb v. Norfolk & W. Ry. Cos.*, 122 F.3d 354, 359 (7th Cir. 1997), but late or missed filings are not "automatically" excusable, *id.* at 362; *United States v. Marbley,* 81 F.3d 51, 52 (7th Cir. 1996). Certainly, "ignorance of the rules ... do[es] not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392; *see also Prizevoits v. Ind. Bell Tel. Co.*, 76 F.3d 132, 133 (7th Cir. 1996) (explaining that failing to read or comprehend applicable rules is an "unaccountable lapse" and not "excusable neglect"). Rule 60(b)(6) is inapplicable "when attorney negligence is at issue," *Easley*, 382 F.3d at 700 n. 5, and it applies only under "extraordinary circumstances," *see Pioneer*, 507 U.S. at 393; *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 342 (7th Cir. 2004). *See also, Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) ("A party has a duty of diligence to inquire about the status of a case."). "Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant." *Easley,* 382 F.3d at 698 (*citing Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 360 (7th Cir. 1997); *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878 (7th Cir. 1996)). Furthermore, "a client is bound by his chosen agents deeds,

7

whether it be negligence, gross negligence, or even wilful conduct." *United States v. 8136 S. Dobson St.,* 125 F.3d 1076, 1084 (7th Cir. 1997).

The Seventh Circuit noted in *United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998) that the determination is an equitable one, taking into account all the relevant factors--including the reason for the default, whether it was within the movant's control, the danger of prejudice to the movant, and the interests of efficient judicial administration.

There is a four-part test for excusable neglect: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant's conduct was in good faith. *See, Pioneer*, 507 U.S. at 395; *Brown*, 133 F.3d at 996. Although the Court is not unsympathetic to plaintiff's counsel's family situation, the Court notes that plaintiff did file a motion for extension of time to file post-trial motions, which this Court, subsequently, denied, in part[1] (with respect to post-trial motions) (See Order at Doc. 165). Notably, plaintiff's counsel specifically stated that the original motion was not intended to seek an extension of time to file post-trial motions under Rule 50, but "only the time to file a response to the motion by Dr. Ruiz and to file a Motion for Attorney's fees." (*See,* Doc. 164). Counsel is a very experienced, competent attorney who obviously knows the limited time in which a Rule 59(e) motion must be filed. (The Court notes that even if it were to have found excusable neglect, the grounds raised by plaintiff in this motion were not likely to result in the Court granting a new trial or changing, in any manner, the jury's verdicts in this case.)

Therefore, the Court **FINDS** that plaintiff is not entitled for relief under Rule 60(b) and

---

[1] The Court had originally granted plaintiff's motion (See Order at Doc.160) but, on defendants' motion for reconsideration, denied it (See, Order at Doc. 165).

the motions for judgment as a matter of law or for new trial are **DENIED** on all grounds raised.

## CONCLUSION

Accordingly, the Court **DENIES** on all grounds defendant Ruiz's motion for judgment as a matter of law (Doc. 152), and further **DENIES**, on all grounds, plaintiff's motions for new trial or for judgment as a matter of law (Docs. 171, 174).

**IT IS SO ORDERED.**

**DATED: March 4, 2009.**

                **s/ WILLIAM D. STIEHL**
                   **District Judge**