## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AMILCAR GABRIEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO. 02-CV-187-WDS ) |
| JIM HAMLIN, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for attorney's fees (Doc. 168), to which defendant Dr. Ruiz has filed a response (Doc. 169), and plaintiff a reply (Doc. 173).

### A. ATTORNEY'S FEES

Plaintiff filed suit against defendant under 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment right to be free from cruel and unusual punishment for defendant Ruiz's deliberate indifference to plaintiff's medical needs.

The jury returned a verdict in favor of plaintiff and against defendant Dr. Ruiz, awarding plaintiff $50,000.00. Plaintiff seeks $76,906.00 in attorney's fees and expert fees in the amount of $4,578.16, for a total amount of $81,484.16 against the defendant Dr. Ruiz. The defendant objects to plaintiff's motion on the grounds that: a) plaintiff seeks payment at the rate of $250.00 per hour for work and $60.00 for travel time, and, although the defendant does not object to the travel time charges he does object to: the hourly rate being higher than $141 per hour; that the amount of the fee should not exceed 150 percent of the award, therefore, it cannot exceed $75,000.00; and that not all of the fees sought are recoverable in this case.

### 1. Effect of the Prison Litigation Reform Act

Plaintiff acknowledges that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(d)(2), limits attorney's fees to 150% of the amount recovered, but argues that this limitation should not apply because the case was extended and more complex than other cases in which the Court would appoint counsel. Plaintiff further asserts that a higher hourly rate is appropriate to fully compensate counsel and that the requested rate of $250.00 is within the prevailing hourly rate for attorneys with similar experience.[1] Plaintiff, essentially, seeks the Court to apply a lodestar analysis to the determination of fees in this case.[2]

The PLRA has capped the hourly rate and totals, and the Court **FINDS** that the cap applies to this litigation. *See, Johnson v. Daley,* 339 F.3d 582, 589 (7th Cir. 2003). Therefore, the Court will assess reasonable fees at the rate of $141.00 per hour, not the $250 per hour requested by plaintiff's counsel.

## 2. **Determining Reasonable Fees**

It is well settled that 42 U.S.C. § 1997e(d)(1)(A) prohibits the Court from awarding attorney's fees, except those that the plaintiff's attorney "*directly and reasonably incurred* in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee

---

[1] Plaintiff has appended to his motion the affidavits of two local attorneys, Rosa MacNeil and James Stiehl. Attorney MacNeill's affidavit is directed to the reputation, experience and quality of plaintiff's counsel's work and attorney Stiehl's affidavit is directed to the hourly rate he charges in this district. (James Stiehl practices in both state and federal court, and for the record, is a relative of this Judge. In light of the Court's ruling that the PLRA limits apply in this case, the affidavits submitted by plaintiff had no effect, and the Court did not consider it in the fee determination)

[2] "In calculating reasonable attorneys' fees, the district court should first determine the lodestar amount by multiplying the reasonable number of hours worked by the market rate." *Bankston v. State of Ill.*, 60 F.3d 1249, 1255 (7th Cir. 1995). "The reasonable hourly rate used in calculating the lodestar must be based on the market rate for the attorney's work. 'The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question.'" *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 519 (7th Cir. 1993)(quoting *Eddleman v. Switchcraft, Inc.*, 965 F.2d 422, 424 (7th Cir. 1992) (internal citation omitted)). "The burden of proving the market rate is on the party seeking the fee award. However, once an attorney provides evidence establishing his market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 407 (7th Cir. 1999)(internal citations omitted).

may be awarded." *Id.* (emphasis added). Upon review of the record, the Court **FINDS** that the plaintiff has failed to demonstrate that his attorney "directly and reasonably incurred" the fees detailed in the following billing entries as they were either excessive, redundant or otherwise unnecessary.

In particular, the Court **FINDS** that the following listed fees are more secretarial in nature than those which would ordinarily be performed by an attorney, and will not allow those fees to be recovered. Included in these fees are mailing and filing charges, and preparation of subpoenas, and the Court **SUSTAINS** defendant Ruiz's objections and will not allow these fees to be recovered:

| | |
|---|---|
| 6/17/02 | .4 hours |
| 7/5/02 | .2 hours |
| 8/7/02 | .15 hours |
| 8/20/02 | .3 hours |
| 9/16/02 | .35 hours |
| 10/6/04 | .3 hours |
| 9/29/08 | .5 hours |
| **TOTAL:** | **2.2 hours** |

The following charges are either related to defendants other than Dr. Ruiz or were for depositions not taken:

| | |
|---|---|
| 9/23/02 | .4 hours |
| 10/0702 | .25 hours |
| 4/7/04 | .25 hours |
| 9/4/04 | .2 hours |
| **TOTAL:** | **1.1 hours** |

The Court overrules the remaining objections by defendant Ruiz to plaintiff's fee request, and therefore will reduce plaintiff's fee request by 3.3 hours. The total number of approved hours, therefore, is 278.5 hours at the rate of $141.00 per hour for a total fee award of $39,268.50.

**3      Travel Time Requests**

The defendant objects to the travel requests related to travel to Jefferson City for the deposition of Dr. Garcia in October of 2004. In particular, the defendant asserts that Dr. Garcia's deposition was taken for two different cases, and therefore, objects to 7.7 hours of the time requested or $462.00. The plaintiff has not responded to this therefore, the Court will reduce the requested travel costs by this amount. Accordingly, the Court **FINDS** that plaintiff is entitled to travel costs of $5,994.00.

**4.     Expert Fees and Costs**

Finally, the defendant objects to portions of the fee sought by plaintiff for costs related to his expert, Dr. Lewan. Dr. Lewan charged a minimum charge of 4 hours for work, but did not spend all of that time in deposition. The Court **AGREES** with defendant and will reduce the fees sought related to the expert by $700.00 for time not actually spent in the deposition. Finally, the defendant seeks a reduction and the Court will **GRANT** that reduction in the fees related to Dr. Lewan of $300.00 for charges he has related to setting up a videographer and teleconferencing costs, as these costs were submitted by plaintiff's counsel in her request for costs. Upon review of the record, the Court **FINDS** that the costs related to Dr. Lewan are properly reduced by $1,000.00, for a total amount recoverable related to expert fees of $1,158.33.

**5.     Reduction under the PLRA**

Pursuant to the provisions of the PLRA, 25 percent of the attorney's fees shall be taken from the total award of compensatory damages. In this case the plaintiff was awarded $50,000.00 therefore, $12,500.00 of that amount shall be applied to plaintiff's attorney's fees award.

## CONCLUSION

Accordingly, the Court **GRANTS** in part and **DENIES** in part plaintiff's request for issuance of attorney's fees and awards plaintiff Amilcar Gabriel attorney's fees against defendant Dr. Ruiz as follows:

| | |
|---|---:|
| Allowable Attorney's Fees: | $39,268.50 |
| Travel Costs: | $ 5,994.00 |
| Expert Fees: | $ 1,158.33 |
| Subtotal: | $46,420.83 |
| less 25% (to be taken from plaintiff's award: | - $12,500.00 |
| Total Fees and Costs Due Plaintiff's Counsel: | $33,920.83 |

**IT IS SO ORDERED.**

**DATED: March 4, 2009**

      **s/ WILLIAM D. STIEHL**
      **District Judge**